IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>**SUZANNE E. STRICKLER,**<br><br>    Debtor.<br><br>―――――――――――――――――――<br><br>**SUZANNE E. STRICKLER,**<br><br>    Movant/Appellant,<br><br>    v.<br><br>**RONDA J. WINNECOUR,**<br>**Trustee,**<br><br>    Respondent/Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  2:24cv00284<br>)  **Electronic Filing**<br>)<br>)  (Bankruptcy No. 23-20004-GLT)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION

Before the Court is an appeal by Suzanne E. Strickler ("Appellant") from the February 22, 2024, order of the United States Bankruptcy Court for the Western District of Pennsylvania dismissing her Chapter 13 proceeding and imposing a ninety bar on refiling. For the reasons set forth below, the Bankruptcy Court's order will be affirmed.

The Bankruptcy Court found on the evidentiary record before it that appellant had filed three Chapter 13 cases since 2020. Appellant filed the instant Chapter 13 proceeding in January of 2023 and had failed to make a single plan payment in the first three months after initial approval of her proposed plan. This followed her failure to make a single payment during her previous Chapter 13 case. Her previous case directly preceded the instant filing and was dismissed after seven months of non-payment. Appellant's first case lasted twenty months and only reflected the payment of approximately six plan payments. In re Suzanne N. Strickler, No. 23-0004-GLT, ECF No. 137, (hereafter, "Memorandum Opinion"), at 1–5.

In the instant case, appellant initially requested to pay the filing fee in installments,

despite her contemplated monthly plan payments far exceeding the case filing fee.  Id.  UMB Bank, appellant's mortgagee, and Santander Consumer USA, Inc., a security interest holder in appellant's vehicle, objected to the plan.  Id.  UMB filed a motion for relief from stay approximately a month later.  Id.  Shortly before the hearing on UMB's motion, the Bankruptcy Court dismissed appellant's case for failure to pay the final installment of the filing fee.  Id.  Appellant then remitted payment of the filing fee and moved for reconsideration, which UMB Bank opposed.  During subsequent hearings on both motions, the Trustee reported that appellant had failed to submit a plan payment in the three months her case had been pending.  Id.  After thorough review of the record and appellant's actions in all three of her Chapter 13 proceedings, the Bankruptcy Court found that appellant's payment history demonstrated an attempt to delay or hinder creditors.  Id. at 2–3.

To avoid dismissal, the Bankruptcy Court reinstated appellant's case and afforded her one final opportunity to make complete and timely payments to the Trustee on behalf of UMB. Id. at 3.  Appellant subsequently entered the court's loss mitigation program seeking to modify UMB's mortgage.  Id.  Yet, appellant delayed the process by failing to complete necessary documentation for several months, despite awareness that the program required her participation.  Id.  Nonetheless, UMB offered a loan modification that reduced the current loan.  Id.  Appellant declined to accept the proposed modification.  Id.

In May and June of 2023, appellant made partial plan payments; from July of 2023 through October of 2023, appellant failed to make any plan payments.  Id.  Appellant failed to respond to UMB's subsequent affidavit of noncompliance, and the Bankruptcy Court entered an order granting UMB relief from stay.  Id.

By January of 2024, appellant's payment plan was $9,605.00 in arrears and the Trustee filed a Certificate of Default.  Id. at 4.  The Bankruptcy Court then entered an order requiring

appellant to propose a means of curing default or amending her plan by February 12, 2024.  Id.  Appellant failed to respond or take remedial action.  Id.  Consequently, the Bankruptcy Court dismissed the case on February 22, 2024, and imposed a 90-day ban on refiling.  Id.

On February 29, 2024, seventeen days after the deadline to answer, appellant filed a Motion to Reconsider Dismissal.  Id.  The Bankruptcy Court issued a Memorandum Opinion and Order denying the motion and appellant appealed.  Id.

This Court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a).  When reviewing the issues on appeal, a district court reviews the bankruptcy court's legal determination *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof.  In re Trans World Airlines, Inc., 145 F.3d 124, 130 (3d Cir. 1998); accord In re Hechinger, F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).  Review of the facts under the "clearly erroneous" standard is significantly deferential and reversal on this basis requires a "definite and firm conviction that a mistake has been committed."  Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623 (1993).

Appellant raises four issues for review.  First, appellant asserts the Bankruptcy Court erred in dismissing the case with prejudice and in doing so committed an abuse of discretion.  But bankruptcy courts possess "inherent power to sanction abusive litigation practices."  In Re Ross at 783 (quoting Marrama v. Citizens Bank of Mass., 549 U.S. 365, 375-76 (2007)).  And as appellee notes, bad faith filings may constitute abusive litigation as they divert court resources from meritorious cases.  Appellee's Brief (Doc. No. 10) at 16-17.  Further, a bankruptcy Court is statutorily authorized to dismiss cases with prejudice to prevent an abuse of Chapter 13.  Id.

Here, the evidentiary record supports the Bankruptcy Court's determination that

appellant was a serial filer and unlikely to make consistent timely plan payments. As such, the Bankruptcy Court did not abuse its discretion in dismissing the case with prejudice.

Second, appellant asserts that the Bankruptcy court denied her due process of law by failing to hold an evidentiary hearing. But the record confirms that she received sufficient process below.

The Bankruptcy Court statutorily is obligated to provide "notice and a hearing" in order to convert or dismiss a bankruptcy case. See 11 U.S.C. § 1307(c). However, in doing so the bankruptcy court "need only provide notice and *opportunity* for a hearing 'as is appropriate in the particular circumstances.'" In re Froman, 566 B.R. 641, 651 (S.D. N.Y. 2017) (emphasis added) (quoting In re Blaise, 219 B.R. 946, 950 (2d Cir. BAP 1998)).

Here, the Bankruptcy Court gave appellant adequate notice in its Default Scheduling Order. Appellant had twenty-one (21) days to take any necessary steps to avoid dismissal. Appellee's Brief (Doc. No. 10.) at 21. Given appellant's already checkered Chapter 13 history, and her failure to respond timely to the Default Scheduling Order, the bankruptcy court's decision to move forward without a hearing was appropriate. In other words, appellant received sufficient notice of a potential hearing and then failed to take remedial action to warrant a hearing after many failed opportunities to make timely plan payments. The Bankruptcy Court did not violate appellant's right to due process of law.

Third, appellant asserts the Bankruptcy court erred by failing to state its reasoning for dismissal with prejudice. While the Bankruptcy Court's adverse action was only supported by the readily apparent circumstances existing at the time of its February 22, 2024, order of dismissal and bar, any need for explanation was more than satisfied by the Court's March 15, 2024, opinion and order on reconsideration.

In any event, the Bankruptcy court is not required to provide the reason for dismissal in

its dismissal order.  In re Camden Ordnance Mfg. Co. of Arkansas, Inc., 245 B.R. 794, 803 (Bankr. E.D. Pa. 2000).  And a reviewing court may affirm an order for reasons supported by the evidentiary record.  In re Ross, 858 F.3d at 786 (citing Brightwell v. Lehman, 637 F.3d 187, 191 (3d. Cir. 2011).

Here, the record supports the Bankruptcy Court's determination.  Appellant had a demonstrated a history of serial filings and attempts to hinder creditors; and she had a history of failing to make timely plan payments to the Trustee.  See generally Memorandum Opinion.  The Bankruptcy Court's findings of the underlying facts supporting these assessments and its resulting order is supported by the record.  There was no reversible error.

Fourth, appellant avers the Bankruptcy court committed reversable error by failing to state the reason for denying reconsideration.  Once again, appellant's position is inconsistent with the law and the record.

The Bankruptcy Court is not required to state its reasoning for denial of reconsideration.  Gibbs v. Turnbull, 2008 WL 4067427 at *1 (D. V.I. Aug. 27, 2008) (citing Briddle v. Scott, 63 F.3d 364, 381 (5th Cir. 1995).  Even so, the Bankruptcy Court did state its reasoning for denying the motion.  Appellant filed her Motion for Reconsideration seventeen (17) days after the Default Scheduling Order's deadline.  Memorandum Opinion at 4.  This motion, the court reasoned, was "a day late and a dollar short."  Id.  The record more than sufficiently supported this assessment.

Appellant has not demonstrated in any manner that the Bankruptcy Court exceeded its authority, made an erroneous finding of fact, failed to apply the appropriate law or erred in applying the law to the facts based on the record before it.  Consequently, its February 22, 2024, order of dismissal and bar will be affirmed.  An appropriate order will follow.

Date: March 17, 2025

              <u>s/David Stewart Cercone</u>
              David Stewart Cercone
              Senior United States District Judge

cc: Matthew S. Geisler, Esquire
   Ronda J. Winnecour, Esquire

   (*Via CM/ECF Electronic Mail*)